# MEMORANDUM DECISIONS.

ALFRANK v. MINNESOTA DOCK CO. (Circuit Court of Appeals, Sixth Circuit. June 11, 1902.) No. 1,067. In Error to the Circuit Court of the United States for the Northern District of Ohio. J. H. McGiffert, for plaintiff in error. Ford, Snyder, Henry & McGraw, for defendant in error. Before LURTON, DAY, and SEVERENS, Circuit Judges. No opinion. Affirmed, with costs, by consent of the parties.

AMERICAN COLORTYPE CO. v. CONTINENTAL COLORTYPE CO. et al. (Circuit Court of Appeals, Sixth Circuit. August 28, 1902.) No. 923. Appeal from the Circuit Court of the United States for the Northern District of Illinois. Francis Lackner, Otto C. Butz, and Amos C. Miller, for appellant. Simeon P. Shope, John C. Mathis, and John M. Zane, for appellees. No opinion. Dismissed on motion of appellant.

BALTIMORE & O. R. CO. v. WHERRY. (Circuit Court of Appeals, Second Circuit. June 16, 1902.) No. 95. In Error to the Circuit Court of the United States for the Eastern District of New York. This cause comes here upon writ of error to review a judgment of the circuit court, Eastern district of New York, upon a verdict in favor of defendant in error, who was plaintiff below. The action was for personal injuries sustained by plaintiff while employed as a postal clerk in a car which was being transferred in Philadelphia from a train which had arrived from Washington to a train which was about to leave for Jersey City. A. B. Boardman, for plaintiff in error. Geo. A. Voss, for defendant in error. Before LACOMBE and TOWNSEND, Circuit Judges, and ADAMS, District Judge.

PER CURIAM. The propositions advanced by both sides upon the argument in this court are not secundum allegata. The defendant contends that its road carried the plaintiff from Washington to Philadelphia, while his journey from Philadelphia to Jersey City was to be made upon another road. But the answer, as the trial judge pointed out, admitted that the Philadelphia-Jersey City train was a "train of the defendant." The plaintiff seeks to avoid the operation of a statute of Pennsylvania by insisting that the defendant had specifically contracted to transport him as a passenger the whole distance from Washington to Jersey City. But his complaint alleged no such contract. His cause of action is presented as one sounding in tort, for a breach of duty owed to him, not for a failure to perform a contract. It is ordinarily an unsatisfactory disposition of an appeal to send a cause back for a new trial because of some question of pleading; the better way being to amend the pleadings to conform to the proof. But the difficulty with this cause seems to be that the "contract theory" was an afterthought, not suggested till the case was given to the jury. In consequence, neither side directed its proof to showing, upon the theory that there was some contract, precisely what the contract was. The action was tried as an action of tort, and in consequence the record does not satisfactorily present the facts by which the soundness of the propositions now advanced in argument can be tested. The judgment, therefore, is reversed, and a new trial ordered. Before it is had the parties may move the circuit court for leave to amend their pleadings, so as to allege the cause of action or defense to which their respective proofs are to be directed. Costs to abide event of new trial.